UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:14 CR 187 JAR / DDN |
| ) | |
| PAMELA TABATT, ) | |
| RICHARD GROSS, and ) | |
| PAUL BERRA, JR., ) | |
| ) | |
| Defendants. ) | |

### ORDER CONCERNING PRETRIAL MOTIONS

Defendants having pled not guilty to the indictment,

**IT IS HEREBY ORDERED** that the government file not later than **July 18, 2014**, an enumerated list that (a) generally describes or identifies by type and date (e.g., date of search pursuant to warrant or date of interview) each item of the arguably suppressible evidence or events, (b) the respective defendant or defendants against whom the government might offer such item in the government's case-in-chief at trial, and (c) the witness or witnesses the government may call at a pretrial evidentiary suppression or other hearing on each respective item.  See Rule 12(b)(4), Federal Rules of Criminal Procedure.

**IT IS FURTHER ORDERED**[1] that, not later than **September 1, 2014**, each party may serve in hand on the opposing party(ies), and may file with the court, any request for pretrial disclosure of evidence or information.  Not later than **September 15, 2014,** the parties shall respond to any such requests for pretrial disclosure of evidence or information.  To the extent practicable, each party shall combine all such requests for

---

[1] Any motion for an extension of any of the following deadlines or any request for a continuance of a setting shall include information relevant to findings required by the Speedy Trial Act, specifically, 18 U.S.C. § 3161(h).

disclosure and the responses thereto in one Request for Disclosure document and in one Response to Request for Disclosure document, with each separate item of information or evidence discussed being a subpart of said document.

**FURTHER,** the government has moved (Doc. 39) for this case to be designated a complex case under the Speedy Trial Act, 18 U.S.C. § 3161(h)(8)(A) and (B)(i) and (ii). And defendants Pamela Tabatt (Doc. 45), Paul Berra, Jr., (Doc. 48), and Richard Gross (Doc. 58) have each moved for an extension of time in which to consider filing pretrial motions or a waiver thereof.

In its motion, orally at the arraignments in this and in the other related cases, the government has disclosed, and no defendant has abjured, that this case is one of four (including Nos. 4:14 CR 150, 4:14 CR 152, and 4:14 CR 175) which involve complex, long-term drug conspiracies to distribute and to possess with the intent to distribute synthetic drugs consisting of controlled substances and controlled substance analogues. The amount of information that will be disclosed to the defendants in all four cases amounts to more than a gigabyte of digital information, including a large amount of business records. The physical evidence related to all four cases consists of several trucks full of evidence that are stored in various locations. Each of the four cases involves at least 15 search warrant files and statements by defendants during interviews. General pretrial motions to suppress evidence have been filed and defendants will assess whether to file specific documentary motions after a reasonable period of time to review and assess the pretrial discovery to be provided by the government.

The court has considered the bases of the parties' motions, including the complex nature of the offenses charged against each defendant, the very extensive pretrial discovery the government will produce to the defendants in the near future, the information set forth in the government's motion that the court find that this case is a complex case for the purposes of excluding time under the Speedy Trial Act, and the fact that government counsel has stated that it has arguably suppressible evidence against each of the defendants.

Upon this record, the court finds and concludes, after taking into account the exercise of due diligence by each of the defendants, that this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits otherwise established by the Speedy Trial Act, that to deny any movant-defendant's motion for an extension of time to consider filing pretrial motions or a waiver thereof would be a miscarriage of justice and deny that defendant and that defense counsel a reasonable period of time necessary for effective investigation and preparation and filing of pretrial motions or a waiver thereof.  Further, the ends of justice served by granting the motions of the government and of the defendants outweigh the best interests of the public and of the defendants in a speedy trial.

Therefore,

**IT IS FURTHER ORDERED** that the motion of the United States for a finding by the court that this is a complex case under the Speedy Trial Act and for a continuance of the trial setting beyond that which would otherwise be the latest allowable under the Speedy Trial Act (Doc. 39) is sustained.

**IT IS FURTHER ORDERED** that the motions of defendants Pamela Tabatt (Doc. 45), Paul Berra, Jr., (Doc. 48), and Richard Gross (Doc. 58) for an extension of time in which to consider filing pretrial motions or a waiver thereof are all sustained.

**IT IS FURTHER ORDERED** that the United States and defendants Pamela Tabatt, Paul Berra, Jr., and Richard Gross have until on or before **November 17, 2014,** to file any pretrial motions or a waiver thereof.  Responses to any such motion shall be filed not later than **January 15, 2015**.

**IT IS FURTHER ORDERED** that the time from the date of the arraignments of defendants Pamela Tabatt, Paul Berra, Jr., and Richard Gross to the date pretrial motions or a waiver thereof are to be filed is excluded from computation of the latest date for the trial setting as otherwise prescribed by the Speedy Trial Act. See 18 U.S.C. § 3161(h)(7)(A) and (B).

**IT IS FURTHER ORDERED** that if a defendant chooses not to file any pretrial motion, counsel for the defendant shall file with the court, not later than **November 17, 2014,** a memorandum attesting that there are no issues that the defendant wishes to raise by way of pretrial motion; that counsel has personally discussed this matter with the defendant; and that the defendant agrees and concurs in the decision not to raise any issues by way of pretrial motions.  **Any such memorandum will be taken up in open court at the scheduled evidentiary hearing, or at any other time hereafter ordered by the court.  Defendant and counsel shall appear for said waiver.**

**IT IS FURTHER ORDERED** that any pretrial motion seeking a court order for the production of evidence or information from the opposing party, and each motion to suppress evidence, shall contain a statement of counsel that movant's counsel has personally conferred with counsel for the opposing party about the issue(s) raised in the motion(s), that there is a good faith belief that the information or evidence exists about which discovery is sought or which the defendant seeks to have suppressed, and (for motions for disclosure) that the disclosure of said information or evidence has been refused by the opposing party.

**IT IS FURTHER ORDERED** that with respect to any motion to dismiss an indictment or an information:

1.  if the motion argues the subject indictment or information is vague, uncertain, indefinite, multiplicitous, duplicitous, violates Federal Rule of Criminal Procedure 7(c), or is in some other way legally insufficient on its face, the aforesaid motion shall identify the necessary, missing allegation, or the legally insufficient allegation, or any other reason for the aforesaid argument, together with supporting citation of authority;

2.  if the motion argues the subject indictment or information is not supported by legally sufficient evidence, the motion shall identify the specific factual basis for such an assertion, together with supporting citation of authority; and

4

    3.  if the motion argues the subject indictment or information is based upon law(s) which is (are) illegal, void, or unconstitutional, the motion shall specify the subject law(s) and the basis for the argument.


                                            /s/ David D. Noce
                                  **UNITED STATES MAGISTRATE JUDGE**

Signed on June 26, 2014.